UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRELL H. LEE as Personal Representative
of HAROLD LEE, Deceased,

      Plaintiff,

      v.

                                                          CIV 15-0405 KG/KBM

CITY OF GALLUP, a Municipal Corporation
of the State of New Mexico, et al.,

      Defendants.

## ORDER GRANTING STAY OF PROCEEDINGS

THIS MATTER comes before the Court on the County Defendants' Opposed

Motion to Stay Proceedings Pending the Outcome of County Defendants' Motion to

Dismiss Plaintiff's Amended Complaint on the Basis of Qualified Immunity *(Doc.10).*

Having carefully reviewed the parties' submissions, the relevant authorities, and being

otherwise fully advised, the Court finds that oral argument is unnecessary for its decision

and that the Motion to Stay is well-taken and will be granted.

   "[Q]ualified immunity is not only a defense to liability but also entitlement to

immunity from suit and other demands of litigation. Discovery should not be allowed until

the court resolves the threshold question whether the law was clearly established at the

time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336

(10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is

asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery

1

until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

Indeed, reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . .   There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

*Iqbal*, 556 U.S. at 685.

It is permissible for a defendant to raise the qualified immunity defense at various stages, including in an answer, in a motion to dismiss, in a motion for summary judgment, or at or after trial. *See Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991), *overruled on other grounds by Saucier v. Katz*, 553 U.S. 194, 121 (2001). Before *Iqbal*, it was somewhat unsettled among courts whether and under what circumstances discovery should be stayed on the basis of a qualified immunity assertion. For instance, there was a long-standing question as to the proper scope of a discovery stay when only certain defendants were entitled to assert a qualified immunity defense and others were not. *See, e.g., Rome v. Romero*, 225 F.R.D. 640, 644 (determining that discovery could proceed as to those defendants who could not assert qualified immunity). However, after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified

2

immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685.

In light of recent directives by the United States Supreme Court and the Tenth Circuit that discovery be stayed upon the assertion of qualified immunity, the Court concludes that Defendants here are entitled to a qualified immunity determination before undertaking the burdens of discovery and litigation. Here, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination).

Wherefore,

**IT IS HEREBY ORDERED** that the County Defendants' Motion to Stay Proceedings (*Doc. 10*) is **granted**.

**IT IS FURTHER ORDERED** that further **discovery is stayed** in this matter pending resolution of the County Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the Basis of Qualified Immunity (*Doc. 6*).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE