IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRELL H. LEE as Personal Representative of
HAROLD LEE, Deceased,

    Plaintiff,

v.

                                               Civ. No. 15-405 KG/KBM

CITY OF GALLUP a Municipal Corporation
of the State of New Mexico; JACKIE MCKINNEY;
DAN DIBLE; GEORGE KOZELISKI;
PATTY HOLLAND; MCKINLEY COUNTY,
a Governmental Subdivision of the State of New Mexico;
GENEVIEVE JACKSON; BILL LEE;
SARA A. KEELER; and THE GALLUP DETOX
FACILITY, a Partnership; VERA JOHN,
THERESA GALVAN, CHARLENE SAM, and IRVIN TSOSIE,

    Defendants.

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Extension of Time to Respond to County Defendants' Motion to Dismiss (Motion for Extension of Time), filed on June 10, 2015. (Doc. 14). Defendants McKinley County, Genevieve Jackson, Bill Lee, and Sara A. Keeler (collectively, County Defendants) filed a response on June 25, 2015, and Plaintiff filed a reply on July 10, 2015. (Docs. 17 and 22). Having considered Plaintiff's Motion for Extension of Time and the accompanying briefs, the Court grants the Motion for Extension of Time, in part.

Plaintiff seeks a 120-day extension of time to fully respond to County Defendants' Motion to Dismiss Plaintiff's Amended Complaint Based on Qualified Immunity and Memorandum in Support Thereof (Motion to Dismiss), filed on May 26, 2015. (Doc. 6). Plaintiff argues that an extension of time is necessary because the Motion to Dismiss raises

jurisdictional issues which require discovery. The Motion to Dismiss, however, is brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and to assert qualified immunity. The Motion to Dismiss does not raise any jurisdictional issues. Consequently, the Court denies Plaintiff's request for a 120-day extension of time to respond to the Motion to Dismiss.

Because County Defendants raise a qualified immunity issue in their Motion to Dismiss, on June 25, 2015, the Magistrate Judge stayed discovery in this case pending resolution of the Motion to Dismiss. (Doc. 19). On July 10, 2015, Plaintiff filed Plaintiff's Partial Response to County Defendants' Motion to Dismiss (Partial Response). (Doc. 21). In that Partial Response, Plaintiff clarifies that he is not bringing any 42 U.S.C. § 1983 claim against County Defendants and he agrees to dismiss the Section "1983 claim to the extent it might appear to include the County defendants." *Id.* at 2. Plaintiff explains that his Section 1983 claim is against the Mayor of Gallup, Jackie McKinney. *Id.* Also, on July 10, 2015, Plaintiff filed Plaintiff's Motion for Reconsideration or in the Alternative, Motion to Lift the Stay (Doc. 23) in which he asks the Magistrate Judge to lift the stay of discovery, because there is no Section 1983 claim against County Defendants, and, therefore, no qualified immunity defense by County Defendants to justify a stay of discovery.

To help clarify matters, the Court will enter an order dismissing any Section 1983 claim against County Defendants. The Court will also allow (1) Plaintiff fourteen days from the entry of this Order to file a full response to the Motion to Dismiss, and (2) County Defendants fourteen days from the filing of Plaintiff's response to file a reply.

IT IS ORDERED that

1. Plaintiff's Motion for Extension of Time to Respond to County Defendants' Motion to Dismiss (Doc. 14) is granted in part;

2. Plaintiff has fourteen days from the filing of this Order to respond to County Defendants' Motion to Dismiss (Doc. 6);

3. County Defendants have fourteen days from the filing of Plaintiff's response to file a reply; and

4. any Section 1983 claim against County Defendants will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE