IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRELL H. LEE, as Personal Representative
of HAROLD LEE, Deceased

       Plaintiff,

v.                                                                                                                                        No. CV 15cv405 KG/KBM
                                                                                                                                No. CV 15cv510 KG/KBM

CITY OF GALLUP, a Municipal Corporation         Consolidated
Of the State of New Mexico, et al.

       Defendants.

And

DARRELL H. LEE, as Personal Representative
of HAROLD LEE, Deceased

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant United States of America's ("Defendant US") Motion to Dismiss for Lack of Subject Matter Jurisdiction All Claims That Were Not Administratively Exhausted ("Motion to Dismiss"), filed October 6, 2016. (Doc. 107). Plaintiff Darrell Lee ("Plaintiff"), as personal representative to Harold Lee, filed a response on October 13, 2016, (Doc. 112), and Defendant US filed a reply on October 24, 2016. (Doc. 113).

On May 10, 2017, the Court held a hearing on the Motion to Dismiss, with Paul Barber representing Plaintiff and Ruth Keegan representing Defendant US. (*See* Doc. 118). Lynn Isaacson was also present at the hearing on behalf of Defendant the City of Gallup. At the

conclusion of the hearing, the Court granted the Motion to Dismiss and dismissed the claims in the Second Amended Complaint to Recover Damages for Personal Injuries and Wrongful Death ("Complaint") that were not fully exhausted. (Doc. 1).[1] This Memorandum Opinion and Order more fully explains the Court's decision.

*I. Background*

This case concerns the death of Harold Lee ("Mr. Lee") at the Gallup Detox Facility ("GDF"). On June 14, 2014, Mr. Lee was taken to GDF with a blood alcohol content ("BAC") of .483. (Doc. 1) at ¶ 27. Mr. Lee was found dead at GDF the next day. (Doc. 112) at 2. On November 19, 2014, Plaintiff filed an administrative claim with the United States Department of Health and Human Services ("DHS"). (Doc. 107-1) at 2. Plaintiff asserted as the basis of the administrative claim:

> [d]ecendent Harold Lee was taken to a detoxification facility operated by the Navajo Nation pursuant to a P.L. 93-638 contract in Gallup, New Mexico. He was acutely intoxicated. He was not tested for or assessed for ethanol poisoning, and was not given medical attention. . . . Decedent was found dead at the facility on 15 Ju[ne][2] 2014, death having occurred at the facility some time the previous night. Cause of death was acute ethanol intoxication.

*Id*. As to the nature of the injury, the claim states that Mr. Lee "died as a consequence of acute ethanol intoxication while in the care of the Navajo Nation Gallup Detoxification Facility." *Id*. DHS denied Plaintiff's claim on June 24, 2015. (Doc. 107-2). Thereafter, Plaintiff filed a Complaint with this Court alleging negligence against Defendant US under the Federal Tort Claims Act ("FTCA").

---

[1] (Doc. 1) refers to Document 1 from case number 15cv510 KG/KBM. All other document numbers refer to documents from case number 15cv405 KG/KBM.

[2] The narrative section in the Claim for Damage Injury, or Death form states that Mr. Lee died on July 15, 2014. This appears to be a mistake as the date of the accident listed on the form is June 15, 2014, and June is listed as the correct month on all other documents submitted to the Court.

Defendant US moved to dismiss several of the claims in the Complaint on the grounds that Plaintiff did not exhaust his administrative remedies for those claims. (Doc. 107) at 1. Consequently, Defendant US argues that the Court lacks subject matter jurisdiction. *Id*.

*II. Standard of Review*

Under Rule 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a claim. FED. R. CIV. P. 12(b)(1). With a failure to exhaust claim as the basis for a Rule 12(b)(1) motion to dismiss, the Court can "consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction." *Id*. at 1262 n.3 (quoting *Jenkins v. Educ. Credit Mgmt. Corp.*, 212 Fed. Appx. 729, 733 (10th Cir. Jan. 4, 2007) (unpublished)).

The United States may be sued for torts under the FTCA; however, as a prerequisite for a suit, the claim must be presented to the appropriate federal agency and be denied by the agency. 28 U.S.C. § 1346(b), *Three-M Enters. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977). "This requirement is jurisdictional and cannot be waived." *Id*. 294-95 (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). Specifically, a claimant must file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)). While a claim "need not elaborate all possible causes of action or theories of liability," the claim must be sufficiently detailed to give "notice of the facts and circumstances underlying a claim." *Estate of Trentadue v. United States*, 397 F.3d 840, 853 (10th Cir. 2005); *Barnson v. United States*, 531 F. Supp. 614, 623 (D. Utah 1982).

*III. Timeliness of Motion to Dismiss*

At the May 10, 2017, hearing, Plaintiff argued that the Motion to Dismiss was untimely as it was filed after the July 21, 2016, deadline for dispositive motions, and so should be denied on that basis. (Doc. 120) at 15:7-23. Defendant US acknowledged that it filed this Motion to Dismiss after the dispositive motions deadline, but argued that the Court can consider the Motion to Dismiss because subject matter jurisdiction cannot be waived. (Doc. 107) at n.1.

District courts have an independent duty to examine *sua sponte* whether they have subject matter jurisdiction over cases. *See, e.g., U.S. ex rel. King v. Hillcrest Health Ctr., Inc.,* 264 F.3d 1271, 1281–82 (10th Cir. 2001), *cert. denied,* 535 U.S. 905 (2002); *1mage Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The government's Motion to Dismiss indeed was filed after the dispositive motions deadline; however, the Court deems it necessary to determine whether it has subject matter jurisdiction to consider the claims in this case. Therefore, the Court will decide the Motion to Dismiss on its merits.

*IV. Count 1: Negligence*

Plaintiff brings one general count against Defendant US for negligence in the Complaint. (*See* Doc. 1). Under the negligence count, Plaintiff brings several different types of negligence claims, including negligent misrepresentation, negligent hiring, negligent supervision, negligent training of staff, and negligent care. *Id*. Defendant US argues that it received proper notice only for the claim set forth in the administrative claim, which was for negligent failure to assess for alcohol poisoning and obtain

emergency medical care. (Doc. 107) at 3. Defendant US asks the Court to dismiss all other claims in the Complaint. *Id*. Plaintiff responds that the administrative claim notified Defendant US of all of Plaintiff's claims. (Doc. 112) at 2-4.

Plaintiff first argues that he included all of the information that was available to him at the time he filed the administrative claim and that Defendant US had access to any other applicable information. (Doc. 112) at 2-3. This argument is unpersuasive as the Tenth Circuit explicitly held that the fact that the government may have information about an incident is "irrelevant." *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016). Rather, the pertinent inquiry for the Court is whether a claim provides Defendant with notice of the relevant facts. *Id*. "Further, simply because an agency is in possession of information relevant to a claim does not mean that the agency is aware of the claim itself." *Id*. To not require Plaintiff to satisfy the exhaustion requirements because the government may have the information "would undermine the very purpose of those exhaustion requirements (i.e., to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation)." *Id*.

Second, Plaintiff argues that the administrative claim was adequate because it identified the time, place, and physical condition of Mr. Lee, which "sufficiently describ[ed] the injury to enable the agency to begin its own investigation" as to all of the claims in the Complaint. (Doc. 112) at 3-4 (quoting *Estate of Trentadue*, 397 F.3d at 852). Specifically, Plaintiff alleges that all claims in the Complaint were "inherent" in the administrative claim. (Doc 120) at 28:1-2. Plaintiff maintains that "[t]he notice was sufficient to prompt not only a tunnel-vision inquiry into the events at the scene, but any

failures, whether of administration and policy, and training or otherwise, which led to the death." (Doc. 112) at 3.

The Tenth Circuit requires the notice to do more than describe the injury as "the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Estate of Trentadue*, 397 F.3d at 852 (quoting *Dynamic Image Techs, Inc. v. United States*, 221 F.3d at 40 (1st Cir. 2000)). Defendant US admits that the administrative claim at issue here put it on notice for only the failure to provide medical care claim. The Court agrees and finds that the administrative claim did not put Defendant US on notice of claims for negligence within the GDF and for training and supervision.

At least two cases within the Tenth Circuit support the Court's conclusion that Plaintiff's administrative claim only specified negligence for failure to provide medical care. In *Bethel v. United States*, the plaintiff's administrative claim gave details about the negligent treatment of a patient during surgery that occurred on a specific date. 495 F. Supp. 2d 1121, 1124 (D. Colo. 2007). In the complaint before the District Court, the plaintiff also added a claim for negligent credentialing, which the District Court determined was a claim concerning the Veteran Administration's actions in allowing the surgeon to maintain privileges and the Veteran Administration's failure to adequately investigate and monitor the surgeon. *Id*. The Court found that the plaintiff's administrative claim did not provide sufficient notice to the government with respect to the negligent credentialing claim, because the "facts and circumstances" in the notice of claim focused on the surgery on the specific date and not on "facts and circumstances" that would put the government on notice to investigate the failures of the Veteran's

6

Administration. *Id*. As in *Bethel*, the administrative claim in this case focused on the lack of medical care occurring on a specific date.

Likewise, the Tenth Circuit in *Kikumura v. Osagie* found that a prisoner failed to exhaust his administrative remedies in regard to a claim for "'negligent failure to provide adequate training and supervision of staff because [the prisoner's] administrative claim, which alleged that he received negligent care while ill, 'failed to mention the possibility that his injuries were caused by the inadequate training and supervision of prison staff.'" *Id*. (quoting *Kikumura*, 461 F.3d 1269, 1302 (10th Cir. 2006). Similarly here, the administrative claim put Defendant US on notice regarding the facts surrounding Mr. Lee's death on June 15, 2014. However, the administrative claim did not put Defendant US on notice of the general claims regarding GDF like inadequate training and supervision, as there were no facts in the administrative claim even regarding GDF. Therefore, Plaintiff administratively exhausted only the claims for negligent failure to provide medical care to Mr. Lee.

Finally, Plaintiff argues that the case law does not support Defendant US's "rigid interpretation" of the notice requirement. *Id*. at 4-9. For instance, the Tenth Circuit in *Trentadue* stated that courts should not interpret the notice requirement "inflexibly." 397 F.3d at 853. Plaintiff also cites to *Mellor v. United States*, in which a court held that a notice stating that the claimant was "negligently placed on Kamamycin" and had received "negligent care and treatment by medical and hospital personnel resulting in damage to [claimant]," was sufficient to give the government notice of a claim for failure to obtain the claimant's informed consent. 484 F. Supp. 641, 642 (D. Utah 1978). The *Mellor* Court stated, "this action is, and the administrative claim was, based upon a single

7

incident; that is, the alleged injury and resulting damages stem from the same set of negligent acts and the same time period." *Id*. at 643.

Even interpreting the administrative claim in a flexible manner, the case at bar is distinguishable from *Mellor* because the events listed in the Complaint versus those in the administrative claim are not based on a single incident. The administrative claim alleges a single incident of failure to provide medical care, but the Complaint alleges claims beyond the incident. For instance, "alleged failures to provide training and discipline necessarily involve[ ] a different incident, occurring at a time prior to the events" on June 14 and 15, 2014. *Bethel*, 495 F. Supp. 2d at 1130 (citing *Kikumura*, 461 F.3d 1269). Consequently, Plaintiff failed to administratively exhaust any claim other than the negligent failure to provide medical care claims.

For the reasons stated on the record and elaborated in this Memorandum Opinion and Order, the Court finds that Plaintiff failed to administratively exhaust the claims in the Complaint which do not allege failure to provide medical care. At the May 10, 2017, hearing, Defendant US admitted that it waived liability for the claims in paragraphs 34-35, 37, and 47-50. (Doc. 120) at 35:4-7, 15-17; 38:12-24. The Court agrees with Defendant US that Plaintiff properly exhausted these claims for negligent failure to provide medical care based on the administrative claim; therefore, the Court will not dismiss those claims. The Court will dismiss all other claims in the Complaint as not properly exhausted.

IT IS ORDERED that

1. Defendant US's Motion to Dismiss for Lack of Subject Matter Jurisdiction All Claims That Were Not Administratively Exhausted (Doc. 107) is granted; and

2. all claims, except the claims in paragraphs 34-35, 37, and 47-50 are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE